**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBIN P. COUNTRYMAN,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:09-cv-00288

NCO FINANCIAL SYSTEM, INC.,

        Defendant.

**ORDER**

Before the Court is Plaintiff Robin P. Countryman's Motion to Remand and Motion for Attorney Fees [Docket 3].  For the reasons stated below, this motion is **DENIED**.

*I.  BACKGROUND*

This case originally was filed in the Circuit Court of Raleigh County, West Virginia, on February 19, 2009.  The facts giving rise to this case, as alleged by the complaint, are as follows. Plaintiff retained counsel on January 3, 2008, to represent his interests with respect to certain outstanding consumer debts.  On June 12, 2008, Defendant NCO Financial System, Inc., a debt collection agency, placed a telephone call to Plaintiff's home.  During the call, Plaintiff informed Defendant that he had retained legal representation and that communications should be directed to his attorney.  In the succeeding six months, Plaintiff alleges that Defendant placed twenty-eight additional telephone calls to his residence.

Plaintiff asserts that the repeated calls to his home were in violation of the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code § 46A-1-101 *et seq*.  Count I of the

complaint states a cause of action under WVCCPA.  The twenty-eight telephone calls also serve as the basis for Plaintiff's common law claims of negligence, intentional infliction of emotional distress, and invasion of privacy, which respectively are raised in Counts II, III, and IV of the complaint.

Defendant removed the case to this Court on March 24, 2009, on the basis of diversity jurisdiction.  Plaintiff now alleges that the amount-in-controversy requirement has not been met and seeks a remand of the case back to the Circuit Court of Raleigh County.  Plaintiff also seeks to recover attorneys' fees incurred for contesting the removal.

*I.  APPLICABLE LAW*

A.      *Removal Jurisdiction*

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists.  *Mulcahey v. Columbia Organic Chefs. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand.  *Id.*

Where a complaint does not request a specific amount of damages, courts may require a removing defendant to establish the jurisdictional amount.  *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994) (Faber, J.).  "[I]n such circumstances, . . . the court may look

to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id.* When a case is originally filed in federal court, jurisdiction is proper where the parties are diverse "unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) (citing *St. Paul Mercury Index. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (internal quotation marks and alterations omitted). Where, however, "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.*

    B.    *West Virginia Consumer Credit and Protection Act*

The WVCCPA is a "comprehensive consumer protection" law that incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and older West Virginia statutes. *Cadillac v. Tuscarora Land Co.*, 412 S.E.2d 792, 794 (W. Va. 1991). Among its numerous provisions—and of relevance to the case at hand—are restrictions on the manner in which debt collectors may attempt to collect debts. Section 46A-2-125 prohibits debt collection activities that "unreasonably oppress or abuse" debtors. Included in a non-exhaustive list of oppressive or abusive activities is the practice of "engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number." W. Va. Code § 46A-2-125(d). Section 46A-2-128 prohibits the use of "unfair or unconscionable means" to collect debts. The statute lists examples of unfair or unconscionable means, which includes "[a]ny communication with a consumer

3

whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained." *Id*. § 46A-2-128(e).

Violations of WVCCPA are punishable by various civil or criminal penalties. *Id*. §§ 46A-5-101 to -105. One of the remedies available to debtors who have been subjected to "any prohibited debt collection practice" is a statutorily created cause of action against the debt collector. *Id*. § 46A-5-101(1). In addition to attorneys' fees, *id*. § 46A-5-104, the aggrieved debtor may recover his actual damages and a statutory penalty of "not less than one hundred dollars nor more than one thousand dollars." *Id*. § 46A-5-101(1). The penalty may be imposed for each violation of the WVCCPA. *See Sturm v. Prosimian Natal Bank*, 242 B.R. 599, 603 (S.D. W. Va. 1999) (Haden, C.J.). The maximum penalty of $1000 was set in 1974 and indexed to the consumer price index published by the United States Department of Labor. W. Va. Code § 46A-5-106. Thus, the current adjusted maximum penalty is approximately $4300 per violation. (Doc. 6-3.)

## II. DISCUSSION

Plaintiff alleges that Defendant placed twenty-eight calls to his residence after he informed Defendant that he had retained counsel. These calls represent twenty-eight separate alleged violations of WVCCPA. Plaintiff demands "[s]tatutory damages in the maximum amount authorized" by WVCCPA, (Doc. 1-2, Compl. 9), which carries a potential penalty of $4300 per violation. For the purpose of calculating the amount in controversy, the Court uses the maximum total statutory penalties that may be imposed on Defendants under the WVCCPA. *See McGraw v. Discover Fin. Servs., Inc.*, 2:05-CV-215, 2005 U.S. Dist. LEXIS 37111, at *12–*14 (S.D. W. Va. July 26, 2005) (Copenhaver, J.); *Sturm*, 242 B.R. at 602–03; *cf. Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under

4

a complaint each must be considered to the extent claimed in determining jurisdictional amount."). If Plaintiff were to prevail on each of his WVCCPA claims, the statutory penalties could amount to $120,400, which is well in excess of the jurisdictional threshold.   In addition to the potential penalties, Plaintiff stands to recover damages under his common law claims, actual damages for the WVCCPA violations, and attorneys' fees.[*]  Therefore, the potential amount in controversy may be substantially greater than $120,400.

In the light of the foregoing, the Court **FINDS** that Defendant has met its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of costs and interest.   There is no dispute that the parties to this action are of diverse citizenship.   Accordingly, the Court may properly exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand and Motion for Attorney Fees [Docket 3] is **DENIED**.

**IT IS SO ORDERED**.

---

[*]  Although attorneys' fees typically are not considered when assessing the amount in controversy for jurisdictional purposes, they may be considered in this case because the WVCCPA creates a "substantive right" to recover such fees. *See Saval v. BL, Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)).

5

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 9, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE